## Case No. 7,315.

### The J. F. SPENCER.

[3 Ben. 337.] [1]

District Court, E. D. New York. June, 1869.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirming Case No. 7,313.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

F. A. Wilcox, for libellants.
Benedict & Benedict, for claimant.

BENEDICT, District Judge. These are two actions against a foreign vessel, to enforce alleged liens for supplies furnished to her in this port.

The circumstances under which the advances were made are not in dispute, and they are such as, according to the maritime law, create a lien upon the vessel.

The defence, in both cases, is, that the vessel has. been discharged of the lien, by reason of her subsequent condemnation and sale as unseaworthy, and the lien thereby transferred to the proceeds of that sale.

It appears, from the evidence, that, in point of fact, the vessel was condemned and sold at St. Thomas, subsequent to the furnishing of the supplies.

The proceedings and sale at St. Thomas are, however, challenged by the libellant, and it is insisted that the evidence shows a state of facts which require the court to declare those proceedings void and of no effect, for the reason that the vessel was not in such distress as to warrant her condemnation and sale.

I propose to notice first a question of evidence, which arose upon the trial, in regard to the admissibility in evidence of certain documents, certified by the British consul at St. Thomas to be true copies of the official documents on file in his office, pertaining to the condemnation and sale of the vessel, such as the demand for a survey, the reports of the surveyors, the estimates for repairs, and the report of the sale of the vessel at auction.

Were this a proceeding at common law, those copies could not be received in evidence for any purpose. If they were copies of documents on file in the office of the American consul, they would be admissible under the act of January 8th, 1869 [15 Stat. 266]. Being from the office of the British consul, they are not made evidence by any statute. Nevertheless, I am of the opinion that they are admissible in a court of admiralty. Courts of admiralty are not bound by all the rules of evidence which are applied in the courts of common law, and they may, where justice requires it, take notice of matters not strictly proved. Thus, Dr. Lushington says, in the case of The Peerless, 1 Lush., 41: "This court has, both in prize matters and in civil suits, been accustomed to receive evidence which would not have been admitted in other courts. For instance, affidavits sworn almost in every way, before justices of the peace, commissioners in chancery, &c., even evidence not on oath, as where, according to the custom of some of the states in the north of Europe, the original evidence was not taken on oath, but the person giving it undertook to make oath afterwards, if required. So, from the necessity of the case, all parties interested were, contrary to the laws of other courts at the time, admitted to give evidence in cases of collision, salvage, and others."

The present case seems to be a proper one in which to relax somewhat the strict rules of evidence in favor of these documents, for it is to be noticed that many of the material facts which they tend to prove are shown by other evidence to have taken place; that is to say, it appears by other evidence that the vessel was examined, and was reported on, and was condemned, and was sold at public auction at the time and place mentioned.

The copies have been proved by deposition, for a considerable period of time, and the opposite party is not, therefore, taken by surprise, but has had abundant opportunity of examination, and no suggestion is made that the papers have been falsified. The papers themselves, when examined, have all the appearances of being true copies. There is nothing unusual or suspicious in their contents, and they are certified by the consul to be copies of his records. There seems to me, therefore, no necessity to compel the parties to go to the expense of a commission to prove the papers, in order to make them admissible in evidence. How much weight should be given to the various portions of these papers is another question.

Passing then to the main issue of the case, namely, whether the claimant has made it appear that the necessities of the vessel were such as to justify her sale by the master at St. Thomas; I am constrained to say that the proofs adduced do not satisfy me that there was any such necessity as to justify the condemnation of the vessel. The fact that the only witness produced to prove the necessity is the party who bought the vessel, and is the claimant here, and that he took part as a surveyor in the proceedings which resulted in the condemnation; that he was also connected in business with the parties to whom the master consigned the vessel in St. Thomas, and that one of these parties made the bids for him at the auction, are sufficient to raise a serious doubt as to the good faith of the proceedings, which is reduced almost to a certainty by the evidence in the case in regard to the. condition of the vessel when sold, and the further fact, that one of the ship-masters, who was upon the first survey, says that he signed his report in blank, and refused to be on the subsequent surveys, "because he didn't like the looks of things."

In such a state of the proofs, it must be held that the sale has not been sustained. The result, therefore, is, that the libellant, in one case, is entitled to a decree, with an order of reference to ascertain the amount.

An examination of the account sued for in the other case, however, discloses certain items which cannot be recovered, no lien. arising therefor by the maritime law. It may be referred to the commissioner to ascer-

tain and report for so much of the account unpaid as shall appear to be entitled to a lien by the maritime law.