DOWNS v. WALL et al.

(Circuit Court of Appeals, Fifth Circuit. March 15, 1910.)

No. 1,953.

1. ADMIRALTY (§ 60*)—PROCEEDINGS—LIBEL—SUFFICIENCY.

Where a libel in admiralty sets out a charter party, upon which it seeks recovery, signed by the respondent corporation, the presumption is that the signature is for a purpose, and, since the corporation cannot be a witness, the libel is sufficient to show a cause of action against it either as principal or surety.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 482–496; Dec. Dig. § 60.*]

2. ADMIRALTY (§ 60*)—PLEADING—LIBEL—SUFFICIENCY.

Notwithstanding Civ. Code La., art. 2278, providing that parol evidence shall not be received to prove any promise to pay the debt of a third person, and article 3039 providing that suretyship cannot be presumed, but should be expressed and restrained within the limits intended by the contract, and Rev. St. U. S. § 858 (U. S. Comp. St. 1901, p. 659), providing that witnesses shall not be incompetent for certain causes, but that in other respects their competency is determined by the law of the state, a libel in admiralty setting out a charter party made in Louisiana, and signed by an individual, whom the libel alleged to be a surety on the contract, is sufficient as against him, since the libelants are not called on to prove the allegations until the issues are made up; and even under the Louisiana law suretyship may be proved as against the face of a written instrument.

[Ed. Note.—For other cases, see Admiralty, Dec. Dig. § 60.*]

3. ADMIRALTY (§ 73*)—EVIDENCE—PAROL EVIDENCE.

The district court of the United States sitting in admiralty administers the highest equity, and when a contract is involved which, on its face, is ambiguous and needs explanation, the rules of evidence governing the court are fully adequate.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 563–579; Dec. Dig. § 73.*]

4. COURTS (§ 349*)—FEDERAL COURTS—CONFORMITY TO STATE PRACTICE—EVIDENCE AND WITNESSES.

Rev. St. U. S. § 858 (U. S. Comp. St. 1901, p. 659), providing that witnesses are not incompetent for certain causes, and that in other respects their competency is governed by state law, relates only to the competency of the witnesses, and not to the admissibility of evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 925; Dec. Dig. § 349.*

Federal courts following state practice as to rules of evidence, see O'Connell v. Reed, 5 C. C. A. 594.]

5. ADMIRALTY (§ 32*)—JURISDICTION—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

In a suit in admiralty, where two or more defendants are citizens of different districts of the state of Louisiana, the suit may be brought in either district, under Act March 3, 1881, c. 144, § 2, 21 Stat. 507 (U. S. Comp. St. 1901, p. 364).

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. § 306; Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the Eastern District of Louisiana.

Libel by Wiley Downs against S. E. Wall and others. From a decree sustaining exceptions to the libel and dismissing it, libelant appeals. Reversed and remanded, with instructions to overrule exceptions.

Wiley Downs propounded his libel against S. E. Wall of West Monroe, La., and the Lambou, Noel Lumber & Manufacturing Company of the city of New Orleans, and against Victor Lambou, also of the city of New Orleans, to recover rent and damages on a maritime contract, as follows:

"Agreement between S. E. Wall of West Monroe, La., party of the first part, and Wiley Downs of the city of New Orleans, La., party of the second part, whereby the party of the first part agrees to charter from the party of the second part the steamboat Jno. C. Fears at a monthly rental of $100, payable in advance. The said boat to be delivered by party of the second part in the harbor of New Orleans in good condition, and to be returned to him in harbor of New Orleans by the party of the first part after the termination of the agreement in the like good condition in which it is received, free from all defects and claims of any description whatsoever. Any damages caused to and material missing resulting from the use of the boat by the party of the first part to be thoroughly repaired and replaced, and the boat handed over in an acceptable condition to the party of the second part.

"New Orleans, La., Jan. 20th, 1907.

"The said Wiley Downs further agrees to sell the said steamboat Jno. C. Fears for the sum of twenty-five hundred less the amount that has been paid on the charter price.            [Signed]    S. E. Wall.

"Lambou, Noel L. & Mfg. Co.
"Victor Lambou, Manager."

Respondents, having been duly served, filed exceptions as follows: S. E. Wall, appearing by protest and solely for the purpose of exception, says that he was, at the time the libel was filed and at all times since, a resident of the Western district of Louisiana, and that monition was served on him in said Western district of Louisiana and out of the jurisdiction of the court; the Lambou, Noel Lumber & Manufacturing Company filed an exception to the effect that the libel disclosed no admiralty and maritime claim whereupon judgment could be founded; and Victor Lambou excepted to the libel on the ground that the allegations thereof do not disclose any maritime lien. Thereupon the libelant filed an amended and supplemental libel the second article of which is as follows:

"Second. The second article of the original libel is hereby amended to read as follows: Second. That on or about the 20th day of January, 1907, said defendant S. E. Wall of West Monroe, Louisiana, made a proposition to libelant for the charter of libelant's vessel the J. C. Fears on the terms and conditions set forth in Exhibit A, which is hereto annexed and hereby made a part hereof as if at large and in detail written herein. Thereupon your libelant expressed a willingness to agree to the terms and conditions set out in said exhibit, provided the said S. E. Wall would obtain a surety or sureties satisfactory, to libelant, for the faithful performance of the obligations on his part set out in said exhibit. And thereupon the said S. E. Wall suggested the name of Lambou, Noel Lumber Mfg. Co., and of Victor Lambou, the manager of said company, as sureties, and your libelant agreed to accept them as sureties. And thereupon the said S. E. Wall procured the signatures of Lambou, Noel Lumber Mfg. Co. and Victor Lambou to said contract as sureties on his behalf, and as such, to said contract, were accepted by libelant. And because of said suretyship, and under the terms and conditions of the said contract hereto annexed as 'Exhibit A,' the said steamboat J. C. Fears was delivered to the defendants, the said S. E. Wall, the said Lambou, Noel Lumber Mfg. Co., and the said Victor Lambou. The steamboat designated in the contract as the 'John C. Fears' was known by defendants to be one and the same boat, licensed and enrolled as the 'J. C. Fears,' delivered to said defendants; and she was the only steamboat owned by libelants, and the only one intended by the parties to said contract, and the one they contracted for."

The exceptions of the Lambou, Noel Lumber & Manufacturing Company and of Victor Lambou filed to the original libel were renewed as to the supple-

mental libel. On hearing, the exceptions of all the respondents were maintained, and the libel and amended libel were dismissed. After vainly applying for a rehearing, the libelant Wiley Downs sued out this appeal.

John D. Grace, for appellant.

Charles S. Rice and Richard B. Montgomery, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts as above). As the exception of the Lambou, Noel Lumber & Manufacturing Company admits the signature of the corporation to the contract sued on, the presumption is that it was for some purpose, and, as a corporation can hardly sign as a witness, that the Lambou, Noel Lumber & Manufacturing Company signed either as principal or surety; therefore we think it clear that the libel and amended libel state a cause of action against that corporation cognizable in admiralty.

As to the exception of Victor Lambou the case cannot be quite as apparent, because he might have signed as a witness or agent of the Lambou, Noel Lumber & Manufacturing Company. The amended libel specifically charges that he signed as surety, and his contention seems to be, "You cannot prove it."

The argument as to both exceptions is that, as the contract was made in Louisiana and the court sits in Louisiana, the Louisiana Civil Code controls as to the law and evidence; citing article 2278, Civ. Code La. ("Parol evidence shall not be received: * * * 3. To prove any promise to pay the debt of a third person"), and article 3039 of the same Code ("Suretyship cannot be presumed, it ought to be expressed and is to be restrained within the limits intended by the contract"), and section 858, Rev. St. U. S. (U. S. Comp. St. 1901, p. 659).

The answer to this is that, until the issues are made up by the sworn pleas of the respondents, the libelant will not be called upon to prove the allegations of his libel; and that even under the Louisiana law, which we do not decide will control as to the admissibility of evidence in this case, "Suretyship may be proved as against the face of a written instrument." See Roberts & Crain v. Jenkins, 19 La. 453. This case suggests that article 347 of the Louisiana Code of Practice (and as to its prevailing authority when repugnant to or in conflict with the Civil Code, see Rev. St. La. § 514) provides for interrogatories on facts and articles, and the same is permissible in admiralty.

Further than this, we may say that the District Court of the United States, sitting in admiralty, administers the highest equity, and whenever in admiralty a contract is involved, which on its face is ambiguous and needs explanation in order to administer justice between the parties, the rules of evidence governing the court are fully adequate. The Bark J. F. Spencer, 3 Ben. 337, Fed. Cas. No. 7,315; The Bark Vivid, 4 Ben. 319, Fed. Cas. No. 16,978; also Watts v. Camors, 115 U. S. 353, 6 Sup. Ct. 91, 29 L. Ed. 406, and cases there cited.

Section 858 of Revised Statutes of the United States relates to the competency of witnesses, and not to the admissibility of evidence. See Hobbs v. McLean, 117 U. S. 579, 6 Sup. Ct. 870, 29 L. Ed. 940.

The exceptions of the Lambou, Noel Lumber & Manufacturing

Company and Victor Lambou to. the libel and amended libel are not maintainable.

The exception of S. E. Wall, to the effect that he is a citizen of the Western district of Louisiana, and was served with process therein, is not good. Where two or more defendants are citizens of different districts of the state of Louisiana, the suit may be brought in either district. See section 2, Act March 3, 1881, 21 Stat. 507, c. 144 (U. S. Comp. St. 1901, p. 364).

The decree appealed from is reversed and the cause remanded, with instructions to overrule all the exceptions, and thereafter proceed according to admiralty rules and practice.