68 So.2d 173 (1953)
SCHWARTZ
v.
ZACONICK et al.
Supreme Court of Florida, Special Division B.
June 19, 1953.
On Rehearing January 15, 1954.
Herbert U. Feibelman, Miami, for appellant.
Ella Jo Stollberg, Hollywood, for appellees.
PATTERSON, Associate Justice.
This cause was commenced in the court below by the appellant, Schwartz, to foreclose a mortgage given by the appellees, the Zaconicks, to secure their note dated April 13, 1948, in the face amount of $7,000 with interest at six per cent payable semi-annually. The bill was filed December 20, 1949 alleging default in the interest payments due in October of 1948 and April and October of 1949, and claims acceleration *174 of the note under provisions in the mortgage deed. The Zaconicks' answer sets up the defenses of failure of consideration and that the note was not in default by reason of a contemporaneous oral agreement between the parties to the note and mortgage that the provisions for interest would not be operative unless the property covered by the mortgage should be sold by mortgagors to third parties.
The defense of failure of consideration is set out in an extensive account of the relations between the parties involving the settlement and discharge of a claim which Schwartz had against the Zaconicks arising out of the loss of certain jewelry entrusted to the Zaconicks by Schwartz. The answer alleges that such claim had been settled and discharged by an exchange of properties between the parties and the simultaneous execution of the note and mortgage to adjust the differential of the exchange to the amount of the agreed settlement, but that inasmuch as Schwartz had brought action to recover the original claim thus settled, the consideration of the note and mortgage had failed. With their answer, the Zaconicks interposed their counterclaim to enjoin Schwartz' action at law on the jewelry claim and to declare their rights under the compromise and settlement alleged.
Certiorari from an order denying motion to dismiss the counterclaim was denied in this court.
Schwartz' contention is that the note and mortgage were given merely to equalize the exchange of the properties referred to in the answer and had no relation to any settlement or compromise of his claim against Zaconick. He denies the alleged oral agreement with respect to interest and challenges its legal efficacy in any event.
On the issues so made the Special Master heard testimony filling nearly six hundred pages of this record, at the conclusion of which he found that the exchange of properties and the simultaneous execution of the note and mortgage sued on did in fact constitute an executed settlement and discharge of the pre-existing claim of Schwartz against Zaconick on the jewelry loss. In addition, he found that there did in fact exist an oral agreement made contemporaneously with the execution and delivery of the note and mortgage, "that as between the parties, the interest requirements of the note were inoperative, but in the event of the sale of said property, such interest payments were to be operative in the event the purchaser assumed the mortgage." The Master obviously was not impressed with the good faith of Schwartz' dealings with the Zaconicks or with his testimony in this cause. He finds that Schwartz' conduct and evidence "are not only a fraud on the court, but also border on perjury." Further, he says: "Even though the oral agreement as to interest be treated as ineffectual, Schwartz should not be allowed to progress this foreclosure suit and seek to penalize Zaconick with heavy litigation expenses, attorney's fees and the like. Were I compelled to decide the legal effect of this oral agreement, I should hold that under the circumstances of this case, equity should recognize it." He recommended that Schwartz' prosecution of his law action against the Zaconicks be permanently enjoined and that his mortgage foreclosure be dismissed. Exceptions to the Master's report were overruled and the final decree appealed from declared and affirmed the discharge of Schwartz' claim on the jewelry loss, permanently enjoined the prosecution of his action thereon, and dismissed his mortgage foreclosure without prejudice to enforce payment of the principal when due.
Our examination of the record discloses sufficient substantial evidence to support the Master's findings on all questions of fact. We have considered all assignments of error and find no merit in them except that which challenges the recognition of the oral agreement with respect to interest, made contemporaneously with the execution and delivery of the note and mortgage. This is the only question left for us to decide and brings to us for consideration the ancient and familiar rule of exclusion that a contemporaneous oral *175 agreement may not be availed of to vary the terms of a formal written instrument. The rule itself cannot be disputed, but appellees urge upon us that the oral agreement involved here is not excluded by the rule, and cites us to sections of Wigmore's discussion of the subject beginning at section 2400 of Volume 9. Wigmore's account deals with the difficulty the courts have sometimes experienced in the terminology and in the proper understanding and application of this familiar rule. The rule does not necessarily exclude extrinsic proof of the true consideration of an instrument, nor that its delivery is conditional, nor that there exists a contemporaneous independent agreement amounting to a separate transaction. Although the principle of the rule is settled, a consideration of its limitations has led more that one writer to say that "few things are darker or fuller of subtle difficulties." However, we encounter no such difficulty in the case before us. The note expressly provides for interest at six per cent payable semi-annually. The oral agreement seeks to impose a condition on that which is expressly unconditional by the terms of the instrument itself. With respect to negotiable instrument, Wigmore, in section 2444, says:
"(1) An extrinsic agreement as to the mode of payment, or the amount of payment, must be, by the foregoing test, ineffective, since the parties have expressly dealt with those matters in the the instrument. Although an agreement to concede a credit or counter claim, as offsetting the obligation of the instrument, would be a separate transaction and therefore valid, yet the distinction between the two may sometimes be hard to draw.
"(2) An extrinsic agreement as to the time of payment is for the same reason ineffectual; although an agreement of renewal, which may practically be equivalent, is in theory an agreement for an independent transaction and should be recognized. An agreement subjecting the obligation of the instrument to any condition or contingency, whether in time or otherwise, is ineffective, because the terms of a negotiable instrument are expressly unconditional; if it be said that the law would not permit the condition to be inserted and that thus it must be extrinsic if at all, the answer is (according to the second canon above stated) that there would then have been no peculiar necessity for resorting to the form of a negotiable instrument."
See also Anderson v. Ax, 104 Fla. 294, 139 So. 798; Knabb v. Reconstruction Finance Corporation, 144 Fla. 110, 197 So. 707; Beasley v. Beasley, 206 Ala. 480, 90 So. 347.
Clearly the oral agreement involved here is excluded by the rule and cannot be given effect under any legal rule or principle cited to us. Which brings us to the real question in this case, that is, whether a court of equity, in a case in which the rule would otherwise apply, may disregard the rule and give effect to an oral agreement solely on the ground that to apply the rule appears inequitable in the particular case. We note here that the Master did not find any legal principle on which he could recognize the oral agreement, but on the other hand found that "under the circumstances of this case, equity should recognize it."
Whether or not we might share the Master's feelings had we heard and observed the witnesses, we nevertheless cannot agree that a court of equity may disregard the parol evidence rule for that reason alone. It is hardly necessary to state again that the parol evidence rule is a fundamental rule of substantive law "resting on a rational foundation of experience and policy" and is essential to the certainty and stability of written obligations. Such a primary rule of law would be practically abrogated if a court of equity could in all cases weigh the equity of its application. Equity, although not as inflexible as the law, is nevertheless administered within established limits and upon recognized principles. *176 30 C.J.S., Equity, § 1, p. 319; Home Owners' Loan Corporation v. Wilkes, 130 Fla. 492, 178 So. 161. At least with respect to such fundamental rules of law as the one here, equity must follow the law unless some recognized principle permits otherwise. In considering the application of the parol evidence rule in Jackson v. Parker, 153 Fla. 622, 15 So.2d 451, 458, Justice Brown said: "It is easy to see where abstract justice lies in this case. The question is whether there is any applicable principles of law which will permit us to arrive at a just and equitable result." We do not find in this case any principle on which the oral agreement may be recognized.
We do not overlook the proposition that equity will relieve against fraud, but it does so by rectifying the result of the fraud; it does not punish the wrongdoer by withholding from him legal rights unrelated to the fraud. Here, Schwartz' bad faith attempt to collect a settled claim while enforcing the note by which it was settled has been frustrated by enjoining his action at law and extinguishing his claim thus asserted in bad faith. Equity is done if he is left to enforce the specific terms of the settlement. It cannot be argued that his repudiation of his oral agreement is in itself fraudulent, for it is the law itself which repudiates that agreement. To hold otherwise is to beg the question of the rule itself. Nor is there room in this record to argue that the agreement to forbear interest fraudulently induced the execution of the note. If that were established, the remedy would be to recind the transaction, not to strike the provision for interest. Obviously the inducement for the note was the settlement which has been accomplished and on which appellees stand.
We think the dismissal of the appellant's foreclosure suit was error. The cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
ROBERTS, C.J., and THOMAS and SEBRING, JJ., concur.

On Rehearing Granted.
PER CURIAM.
Rehearing in this case was granted with argument confined to the question of whether parol evidence was admissible for the purpose of establishing a contemporaneous oral agreement that the makers of the note secured by the mortgage were not required to pay the interest as specified in said note.
Upon consideration of the argument of counsel at the bar of this Court, an examination of additional briefs filed on the question and a re-examination of the record and original briefs, a majority of the Court are of the opinion that the original opinion and judgment should be adhered to.
TERRELL, THOMAS, SEBRING, MATHEWS and DREW, JJ., and PATTERSON, Associate Justice, concur.
ROBERTS, C.J., dissents.