Alex RAMEY, Appellant,

v.

Charles A. KOONS, individually and as a
partner in a co-partnership d/b/a
Charles A. Koons & Company, and
Ramie Fiber Products, Inc., Appellees.

No. 15615.

United States Court of Appeals
Fifth Circuit.

Feb. 29, 1956.

Madison F. Pacetti, West Palm Beach, Fla., Leon B. Catlett, of Catlett & Henderson, Little Rock, Ark., Caldwell, Pacetti, Robinson & Foster, West Palm Beach, Fla., for appellant.

Irving I. Erdheim, New York City, Jack A. Abbott, Miami Beach, Fla., Erdheim & Armstrong, New York City, for appellees.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Alex Ramey, by a written instrument dated October 8, 1954, and effective November 15, 1954, leased for ten years certain specifically described lands in Palm Beach County, Florida, to Charles A. Koons & Company, a partnership of which Charles A. Koons was a partner. The lease covered about 3500 acres of land. It incorporated provisions for an extension and an option under which the tenant might purchase the leased premises. Operating clauses and other appropriate provisions were included. The landlord agreed to make the payments as required by a mortgage on the leased land. As rental for the first three years $5,000 was paid on the execution of the lease, $165,000 was payable on November 15, 1954, and $40,000 was to be paid when the landlord had completed some unfinished construction of canals, roads and bridges. On November 15, 1957, and semi-annually thereafter for the remainder of the term rental payments of $50,000 were to be made. Paragraph 13 of the sixteen numbered paragraphs of the instrument reads thus:

"It is understood that the Tenant will assign this lease and upon such assignment and the assumption by Assignee of the obligations hereunder, the Tenant shall be released from all obligations hereunder."

The landlord, appellant here, brought an action against Charles A. Koons, individually and as a partner in a co-partnership doing business as Charles A. Koons & Company, and against Ramie Fiber Products, Inc., a Delaware corporation. Diversity of citizenship gave cause for removal to the United States District Court. In his amended complaint, the landlord alleged the execution of the lease and acknowledged receipt of the initial payment of $5,000. It was recited that Charles A. Koons represented that the lease would be assigned to a responsible corporation with substantial assets to be organized by him for the purpose of producing ramie on the leased property, and that upon the assumption of the lease the corporation would be legally responsible. In reliance upon these representations, the landlord says, he was induced to agree to paragraph 13 of the lease agreement. The complaint states that by a letter dated October 8, 1954, the time for payment of the $165,000 rental installment was extended from November 15, 1954, to Novem-

ber 25, 1954. The defendant, Charles A. Koons, as a partner of the original Tenant, executed an assignment of the lease in its entirety to Ramie Fiber Products, Inc., the corporate defendant, which appended to the assignment an assumption of the lease in which it agreed to make the stipulated payments and to carry out the terms, provisions and obligations thereof. A copy of the assignment and of the attached assumption were attached to the complaint. The assignment was executed by Charles A. Koons as a partner and the assumption was signed in the name of the corporation by him as its President. The landlord averred that he had no knowledge of the assignment until November 30, 1954, when an attorney for Charles A. Koons delivered a copy to him with the advice that the contract would have to be renegotiated.

In his amended complaint it is stated by the plaintiff that the corporation had filed no reports in Delaware and had not qualified to do business in Florida, that the corporation has no assets, is not legally responsible, is a mere "straw", and the "alter ego" of Charles A. Koons. The landlord charges that the assignment was made for the express purpose of attempting to relieve Charles A. Koons and the partnership from the lease liability. Refusal by Charles A. Koons to pay the $165,000 installment and advice to him that the lease was in default were pleaded. It was stated that the individual defendant, Charles A. Koons, told the landlord to go ahead and sue as the corporation had no assets. The landlord asserted he had sustained damages of one million dollars and the ad damnum of his complaint is laid in that amount. The defendants filed a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. The court granted the motion and dismissed the complaint as to Charles A. Koons, individually and as a partner. The motion was denied as to Ramie Fiber Products, Inc. From the order dismissing the complaint against Charles A. Koons,

individually and as a partner, an appeal has been taken.

■■ Our initial and primary question is whether the so-called parol evidence rule precludes the landlord from recovering. We say "so-called" parol evidence rule because, as the Florida Supreme Court has pointed out, the rule is not one of evidence but of substantive law. Milton v. Burton, 79 Fla. 266, 84 So. 147, citing Wigmore on Evidence, pp. 3409, 3427. Cf. South Florida Lumber Mills v. Breuchaud, 5 Cir., 1931, 51 F.2d 490, 493. In speaking of the rule Professor Thayer observed "Few things are darker than this or fuller of subtle difficulties". Thayer, Preliminary Treaties on Evidence 390, quoted in Schwartz v. Zaconick, Fla., 68 So.2d 173. Since the time of Professor Thayer most of the difficulties he mentioned have dissolved in judicial decisions. We find none in the case before us. Concisely stated, the rule is:

"The so-called 'parol evidence rule' forbids any addition to or contradiction of the terms of a written instrument by testimony purporting to show that, at or before the signing of the document, further or different terms were orally agreed upon by the parties; provided, always, that the written instrument appears on its face to express an agreement complete in all essential terms. This is not a mere rule of evidence. It is a rule of substantive law." Jones, Commentaries on Evidence, Vol. 3, p. 2695, § 1482.

■ The Supreme Court of Florida has had occasion to declare the general rule. It has held that when the parties have reduced their agreement to writing the intent so expressed is controlling and all other utterances are immaterial with respect to the matters embraced. Milton v. Burton, supra, citing Wigmore on Evidence, pp. 3409 et seq. Corollaries, rather than exceptions, to the rule permit the introduction of extrinsic proof of the true consideration of an instrument to show that its deliv-

ery is conditional, or that there is a contemporaneous independent agreement amounting to a separate transaction. Schwartz v. Zaconick, supra. Another corollary admits extrinsic evidence to show the date of delivery of an instrument. Lance v. Smith, 123 Fla. 461, 167 So. 366. Parol evidence is admissible to explain ambiguities in the written document. McClure v. Century Estates, 96 Fla. 568, 120 So. 4. No doubt other corollaries exist. None serve to aid the appellant. Paragraph 13 of the agreement is complete and free from ambiguity. To permit appellant to vary or supplement its terms by parol testimony would be to ignore the rule which is so well established in precedent and so well grounded in principle.

■■ The appellant pleads that the lessee, Charles A. Koons, expressly represented that the assignment of the lease would be to a responsible corporation with substantial assets, but that the assignment was to an irresponsible corporation without assets. This, the appellant urges to be fraud. The general rule as to fraud prevails in Florida, its Supreme Court having said:

> " 'To constitute fraud, a misrepresentation must be of a specific material fact that is untrue and known to be so, and stated for the purpose of inducing another to act, upon which statement the other relies in acting to his injury. * * * Averments in pleas of mere opinions and promises and of indefinite matters are not sufficient to show fraud.' " Huffstetler v. Our Home Life Ins. Co., 67 Fla. 324, 65 So. 1, 2; Sutton v. Gulf Life Ins. Co., 138 Fla. 692, 189 So. 828.

The appellant's situation is not unlike that existing in the previously cited Schwartz case where, in a suit to foreclose a mortgage securing a note bearing six per cent. interest, the mortgagor attempted to assert an oral agreement that the interest provisions would be inoperative unless the mortgaged property be sold to a third party. This defense was rejected, the court saying:

> "We do not overlook the proposition that equity will relieve against fraud, but it does so by rectifying the result of the fraud; it does not punish the wrongdoer by withholding from him legal rights unrelated to the fraud. Here, Schwartz' bad faith attempted to collect a settled claim while enforcing the note by which it was settled has been frustrated by enjoining his action at law and extinguishing his claim thus asserted in bad faith. Equity is done if he is left to enforce the specific terms of the settlement. It cannot be argued that his repudiation of his oral agreement is in itself fraudulent, for it is the law itself which repudiates that agreement. To hold otherwise is to beg the question of the rule itself. Nor is there room in this record to argue that the agreement to forbear interest fraudulently induced the execution of the note. If that were established, the remedy would be to rescind the transaction, not to strike the provision for interest. Obviously the inducement for the note was the settlement which has been accomplished and on which appellees stand." Schwartz v. Zaconick, Fla., 68 So.2d 173, 176, supplemented Fla., 74 So.2d 108.

If the appellant had the right to assert fraud in the inducement as a ground for rescission, he should have sought a different remedy than the one relied upon.

In a somewhat different approach the appellant urges that the assignment is fraudulent because the corporate assignee is a "straw", the alter ego of the appellee, Charles A. Koons, and that the assignment was made for the purpose of relieving Koons and his partnership from liability on the lease. As a guide toward a decision on this question, we look to the Florida Supreme Court and find the following:

> "The law is well settled that the organization of a corporation for the purpose of evading an existing

personal liability on the part of those who became its stockholders will not be allowed to achieve that purpose, for in such case the courts will 'pierce the veil of the corporate fiction' and hold the stockholders of the corporation to their personal liability, even though the corporation was regularly organized in accordance with the statutes. Not that the law deems it reprehensible to form a corporation in order to limit one's risk to the amount of his investment in the stock, so far as future liabilities of the corporation are concerned; for this is legitimate and an every day occurrence.

"Thus Prof. Wormser, in the book referred to [The Disregard of the Corporate Fiction and Allied Corporate Problems] (p. 18), says:

" 'Such a decision is entirely correct, because, if the corporation has been validly organized in its inception, the use of the corporation to prevent the incurring of personal obligations in the future is entirely proper and legitimate. The policy of our law to-day sanctions incorporation with the consequent immunity from individual liability. It follows that no fraud is committed in incorporating for the precise purpose of avoiding and escaping personal responsibility. Indeed, that is exactly why most people incorporate, and those dealing with corporations know, or at least are presumed to know, the law in this regard.' " Bellaire Securities Corporation v. Brown, 124 Fla. 47, 168 So. 625, 633.

In the case before us the parties agreed that the tenant would assign the lease and upon the assumption of its obligations by the assignee the tenant would be released. As said in the foregoing quotation from Professor Wormser, " 'no fraud is committed in incorporating for the precise purpose of avoiding and escaping personal responsibility' ". To hold otherwise "would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system". Advertects, Inc., v. Sawyer Industries, Fla., 84 So.2d 21, 23.

Viewing the complaint in the light most favorable to the appellant, we find no claim stated upon which relief can be granted against Charles A. Koons, individually or as a partner of the co-partnership doing business as Charles A. Koons & Company. We are not now concerned with the claim of the appellant against the corporation, Ramie Fiber Products, Inc. The judgment appealed from is

Affirmed.