DIESEL HEAT & POWER, Inc., Claimant-Owner of Yacht SCOTIA, Appellant,

v.

DIXON MARINE INDUSTRIAL POWER TRANSMISSION, Inc., Appellee.

No. 15863.

United States Court of Appeals Fifth Circuit.

April 18, 1956.

Jackson & Hertogs, Joseph Hertogs, San Francisco, Cal., for appellant.

Lloyd H. Burke, U. S. Atty., James B. Schnake, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before McALLISTER and LEMMON, Circuit Judges, and MATHES, District Judge.

Arthur Roth, Monte K. Rassner, Miami, Fla., and Galbut & Goshgarian, Miami Beach, Fla., for appellant.

Durand A. Holladay, Holladay & Swann, Miami, Fla., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

JONES, Circuit Judge.

In this appeal from a district court decree in admiralty none of the oral testimony is before us. Thus the facts, except as shown by exhibits, are before us only as found by the District Court. The libelant recovered judgment and is the appellee here. The claimant-owner of the vessel involved is the appellant here. The libel was brought for materials and services furnished by the libelant to the Motor Vessel Scotia. The claimant-owner filed a cross-libel asserting damages for wrongful and malicious libel of the vessel. Our decision must rest upon the Findings of Fact of the District Court which are as follows:

"1. The Court has jurisdiction of the parties and the subject matter.

"2. Between May 11, 1953, and July 18, 1953, the libelant furnished materials and services of the reasonable value of $1,553.77 to the M/V Scotia, which at that time bore the name Lady Marion.

"3. The materials and services were rendered to the vessel at the request of a purchaser having apparent authority to bind the vessel, and having an equitable interest in and to said vessel.

"4. On July 12, 1954, the libelant and claimant-owner at Annapolis, Maryland, in the presence of their respective counsel orally agreed that upon presentation by the claimant-owner of a note for the full amount due and owing, which could be discounted by libelant without recourse, a full release would be executed by libelant and would be given to the claimant-owner. The respective attorneys would handle final negotiations of same.

"5. Thereafter, on July 23, 1954, a release was executed by libelant and forwarded to its attorney. The president of the claimant-owner personally executed a note and forwarded same to his attorney. The exchange of these two instruments took place.

"6. Upon receipt by the libelant of the note, an attempt was made to discount the note without recourse at two banks without success, due to the form and the non-negotiable character of the instrument. The libelant used due diligence in attempting to negotiate the tendered note, as contemplated by the agreement.

"7. On September 22, 1954, the libelant wrote a letter to the claimant-owner enclosing the note and requesting a revised note be given that could be discounted without recourse or it would be necessary for libelant to take further steps to collect the account. There was no revised note submitted to the libelant as requested.

"8. The libelant has received no payment, in part or in full, of the account stated to be due and owing of the respondent vessel.

"9. The proported general release given to the claimant-owner and A. C. Emerson executed on July 23, 1954, by the libelant is invalid for failure of consideration, and is ineffective as a release of the lien here in issue.

"10. The libel was filed on December 28, 1954, in good faith and has been prosecuted with due dili-

gence, without malice or deceit, therefore, the cross-libelant has failed to prove by a preponderance of the evidence the material allegations of the cross-libel.

"11. The libelant is due and owing of the respondent vessel the sum of $1,553.77, together with their costs in this action, but without interest.

"12. The cross-libel should be dismissed."

The appellant makes three assignments of error. These are:

1. A formal release cannot be revised by parol evidence.

2. The parol evidence offered by the appellee was conflicting, and failed to carry the necessary burden of breaking a sealed release.

3. Partial failure of consideration is not a ground for rescission of a contract under seal.

By the first of the points which the appellant makes the so-called parol evidence rule is invoked. In the recently decided case of Ramey v. Koons, 5 Cir., 1956, 230 F.2d 802, we quoted, as a concise statement of the rule, the following:

> " 'The so-called "parol evidence rule" forbids any addition to or contradiction of the terms of a written instrument by testimony purporting to show that, at or before the signing of the document, further or different terms were orally agreed upon by the parties; provided, always, that the written instrument appears on its face to express an agreement complete in all essential terms. This is not a mere rule of evidence. It is a rule of substantive law.' Jones, Commentaries on Evidence, Vol. 3, p. 2695, § 1482."

The agreement between the parties was not in writing. The appellant undertook to furnish a note which could be discounted without recourse. Whether the note could be so discounted could not be determined until after its delivery to the appellee. The instrument delivered was not one, as was ascertained after it was delivered, which met the terms of the agreement. There was a total failure of consideration. The parol evidence rule does not prevent showing by oral testimony that the consideration recited in a written instrument was not the true consideration or that the agreed consideration was not received by the party executing the writing. Schwartz v. Zaconick, Fla., 68 So. 2d 173; Patterson v. Texas Co., 5 Cir., 1942, 131 F.2d 998, certiorari denied 319 U.S. 761, 63 S.Ct. 1318, 87 L.Ed. 1712.

Holding, as we do, that the parol evidence rule does not, in the case before us, exclude oral testimony to show the true consideration and that there was a failure of consideration for the release, it becomes unnecessary to discuss the application of the parol evidence rule in admiralty. See Downs v. Wall, 5 Cir., 1910, 176 F. 657; Benedict on Admiralty, 6th ed., Vol. 3, pp. 5 et seq., § 381b.

The appellant, in its brief, properly concedes that the trial court's findings cannot be reviewed in the absence of a transcript of the testimony. Hence we need not consider the second of the points which the appellant would urge. As to its third point, it is enough to say that there was a total rather than a partial failure of consideration for the release and the trial court so found. In its reply brief the appellant says the point of the case is:

> "Could the appellee refute the act of his [sic] attorney in negotiating the terms of the settlement as agreed upon on July 12, 1954, at Annapolis, Maryland, as found by the trial judge?"

This is but a less direct way of stating the first and the primary point upon which the appellant has relied and a rephrasing gives it no greater merit.

The record before us discloses no error. The decree is

Affirmed.