100 So.2d 200 (1958)
Louis L. GREENWALD and Leon Hammer, Appellants,
v.
FOOD FAIR STORES CORPORATION, a Delaware corporation authorized to and doing business within the State of Florida; 27th Avenue Farmers Market, Inc., a Florida corporation; Joseph I. Claster; Byron Gilbert; and Abraham Maloff, Appellees.
No. 57-209.
District Court of Appeal of Florida. Third District.
February 4, 1958.
*201 Daniel Neal Heller, Miami, for appellants.
Aronovitz & Aronovitz and Robert M. Haverfield, Miami, for appellees.
PEARSON, Judge.
Appellants brought a bill of complaint in chancery alleging that they were "deceived and tricked" into entering into a written agreement. The only prayer of this bill was for a money judgment. Upon motion to dismiss, it was amended to pray for an accounting and a money judgment. After answers were filed by the defendants and depositions taken, the Chancellor granted a summary final decree for the defendants. The decree is affirmed.
The agreements upon which an accounting and damages were claimed concerned the rental by plaintiffs of store privileges, so that they could conduct a business of selling men's and boy's clothing in the 27th Avenue Farmers Market. The gist of the action was the allegation that the agent of defendant, 27th Avenue Farmers Market, Inc., represented to the plaintiffs that defendant Food Fair Stores Corporation had no proprietary interest in the building in which plaintiffs' store would be located, and that Food Fair Stores Corporation would not compete with the plaintiffs in the same building. It is then alleged, that before the opening of the market, plaintiffs discovered that Food Fair Stores Corporation would open a booth in competition with the plaintiffs and that there was an overlapping of the officers of the two corporations. Nevertheless, plaintiffs opened their business and operated it for a period of *202 approximately two months. Thereafter, they closed their store and instituted the cause now before us.
It is undisputed that the contested agreements were negotiated by, and entered into by, the plaintiffs and 27th Avenue Farmers Market, Inc., and that this corporation was a duly authorized Florida corporation doing business in Dade County, Florida. It is also admitted that these agreements expressly reserved to 27th Avenue Farmers Market, Inc., not only the right to rent competing stores to third parties, but also that 27th Avenue Farmers Market, Inc., reserved to itself a right to compete with plaintiffs.
It has been held in Florida that not every false representation constitutes fraud on which a claim for relief can be based. It must be as to matters of fact substantially affecting the interests of the innocent party. Williams v. McFadden, 23 Fla. 143, 1 So. 618, and cases cited in 14 Fla.Jur., Fraud and Deceit § 9 (1957).
Inasmuch as both 27th Avenue Farmers Market, Inc., and third parties had the right to compete with plaintiffs under their agreement, a representation as to the identity of the persons owning or operating the market is not such a material representation.
Appellants' allegation of a specific promise by the agent of 27th Avenue Farmers Market, Inc., that Food Fair Stores Corporation would not compete with them was not binding upon Food Fair Stores Corporation. In considering the liability of 27th Avenue Farmers Market, Inc., upon this promise, it is important to point out that this representation is admitted to have been made prior to the making of the written contracts. Thus, to admit into evidence the representation, that Food Fair would not compete with the plaintiffs, would contradict express specific terms of the written agreements. The chief and most satisfactory index to determine the intent of the parties to an agreement as to whether they intended their written contract to be a complete and final statement of the whole transaction is whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element, Milton v. Burton, 79 Fla. 266, 84 So. 147; Bryan v. St. Andrews Bay Community Hotel Corp., 99 Fla. 132, 126 So. 142; see 13 Fla.Jur., Evidence § 394 (1957); Wigmore, Evidence § 2430 (3rd ed. 1940).
The decree of the Chancellor having a sufficient basis upon the point discussed, it is unnecessary to detail appellants' contentions further. However, we have carefully examined the eighteen assignments of error presented and do not find grounds for reversal.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.