**Otis HARRISON, Trustee, Plaintiff,**

v.

**David S. PHILLIPS, Regional Commissioner of the General Services Administration, Defendant.**

**Civ. A. No. 13131.**

United States District Court
S. D. Texas,
Houston Division.
July 21, 1960.

Bracewell, Reynolds & Patterson, Joe H. Reynolds and Joe Jaworski, Houston, Tex., for plaintiff.

William B. Butler, U. S. Atty., and Arthur L. Moller, Asst. U. S. Atty., Houston, Tex., for defendant.

INGRAHAM, District Judge.

Action for declaratory judgment to establish in plaintiff a right to repurchase real property from the United States of America under Section 23(d) of the Surplus Property Act of 1944, 58 Stat. 765, which was repealed by Section 502(a) of the Federal Property and Administrative Services Act of 1949. 50 U.S.C.A. Appendix, § 1632. The case is before the court upon defendant's motion to dismiss for lack of jurisdiction of the subject matter and of defendant and for failure to state a claim upon which relief can be granted.

Plaintiff alleges that he was the owner of a certain 486.56-acre tract of land in the Wm. M. Jones League, Abstract No. 482, Patent No. 371, in Harris County, Texas, prior to November 1945. Before said date he was contacted by representatives of the United States Coast Guard who negotiated to purchase the property for defense purposes. Two hundred eighty-two acres thereof were conveyed to the United States of America for a valuable consideration by general warranty deed. Plaintiff contends that the Coast Guard represented to him that un-der an Act of Congress he would have the right to repurchase the property if the Government ceased its use thereof and if said property were declared to be surplus property.

At the time of the sale of his property plaintiff would show that the following provisions of the Surplus Property Act of 1944 were then in effect. Section 23(d) thereof read as follows:

"(1) (A) In the case of any surplus real property which was acquired by any Government agency after December 31, 1939, the person from whom said property was acquired shall be given notice, in such manner * * * as the Board by regulation may prescribe, that the property is to be disposed of by the United States and shall be entitled to purchase such property, in substantially the identical tract as when acquired from such person, at private sale at any time during the period of ninety days following such notice * * *

"(3) The price to be paid for surplus real property sold under this subsection shall be a price not greater than that for which it was acquired by the United States, such acquisition price being properly adjusted to reflect any increase or decrease in the value of such property resulting from action by the United States, or a price equal to the market price at the time of the sale of such property, whichever price is the lower."

Plaintiff maintains that the sale price of the property was arrived at taking into consideration the aforesaid statute, which constituted an essential element of the contract of sale. He claims that by reason of the statute and the representations concerning it the right of repurchase became vested in plaintiff at the time of conveyance.

The expiration date of the Surplus Property Act of 1944 was at the end of three years following the date of the cessation of hostilities in World War II, which was proclaimed to be December 31,

1946, by the President in Proclamation No. 2714, 61 Stat. 1048, 50 U.S.C.A. Appendix, § 601 note. Furthermore, the Surplus Property Act, including Section 23(d), was repealed by Section 502(a) of the Federal Property and Administratives Services Act of 1949, which terminated all priorities and preferences under the 1944 Act as of December 31, 1949, 40 U.S.C.A. § 484 note.

Plaintiff alleges that on January 15, 1960, the General Services Administration reported to him that his former property had been determined surplus to the needs of the Government. He was further advised that his right of repurchase was abrogated since the 1944 Act had been repealed by the 1949 Act. He was notified that the eastern half of the property, consisting of approximately 141 acres, would be offered for sale by public auction on May 9, 1960, and that the balance of said property was being held in reserve for possible use as a junior college site.

Plaintiff contends that defendant placed the property for public auction in violation of the terms of the contract of conveyance between the Government and himself and in denial of due process of law guaranteed by the Fifth Amendment. Insofar as the 1949 Act impairs the obligation of said contract plaintiff claims that the statute deprives him of his property without due process of law. He prays that the court declare that the provisions of Section 23(d) of the 1944 Act constitute a vested contractual right in plaintiff that is binding upon defendant and that the 1949 Act is inapplicable to the vested right of plaintiff. In the alternative, he prays that the court find the 1949 Act unconstitutional insofar as it applies to plaintiff and that the acts of defendant are void and unconstitutional.

Defendant contends that the complaint should be dismissed for lack of jurisdiction of the subject matter and of defendant and for failure to state a claim upon which relief can be granted. Regarding plaintiff's alleged failure to state a claim upon which relief can be granted, defendant maintains (1) that any repur-

chase priority to which plaintiff was entitled was only temporary in nature and expired by the terms of the 1944 Act on December 31, 1949; (2) that any such priority was abrogated by the repeal of the 1944 Act by the 1949 Act as of December 31, 1949; (3) that the priority granted by Section 23(d) was in the nature of a gratuity and could not yield a vested right; (4) that Congress may withdraw gratuities without obligating the Government to pay just compensation; (5) that even if the alleged representations were made, they are not binding upon the Government or defendant, since neither the Coast Guard nor its negotiators had the authority to bind the Government to reconvey the property to plaintiff; and (6) that the parol evidence rule would preclude the introduction of any collateral agreements to vary the terms of the deed under which the Government acquired title to the property.

Plaintiff counters these arguments by contending (1) that he does not rely solely upon the 1944 Act but upon the contract of sale itself, which he maintains included promises regarding the provisions of the 1944 Act; (2) that he is the owner of a vested contractual right, rather than a gratuity, because the Act was made part of the contract; (3) that valid contracts are property protected by the due process clause of the Fifth Amendment; and (4) that existing statutes at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted into the contract.

■ The court believes that defendant's motion to dismiss should be granted, since the complaint fails to state a claim upon which relief can be granted. Plaintiff has not answered the contention that any repurchase priority to which he was entitled was only temporary in nature and expired by the terms of the 1944 Act on December 31, 1949. Section 38 of the Surplus Property Act of 1944 fixed the expiration of the statute at the end of three years following the date of cessation of hostilities in World War II,

which was December 31, 1946. The 1944 Act was not extended and was largely repealed by the 1949 Act. Logically, Congress intended to give no more than a temporary privilege of repurchase in the 1944 Act. Otherwise, property purchased during World War II that may not be determined surplus for the next fifty years would remain burdened by a repurchase priority, contrary to the transitional objectives from a wartime to peacetime economy expressed in the 1944 Act.

Furthermore, plaintiff fails to distinguish Seiden v. Larson, 1951, 88 U.S.App.D.C. 258, 188 F.2d 661, and Mason v. United States, Ct.Cl.1959, 169 F.Supp. 507, which characterized the repurchase priority as a gratuity. His sole ground for distinguishing these cases is that the property therein was purchased prior to the enactment of the Surplus Property Act of 1944 rather than subsequent to the statute as in the case at bar. From this circumstance he argues that the right of repurchase was not in existence at the time of conveyance of the property and could not have been part of the contract of conveyance in the former cases. This argument ignores completely the legislative intent that is the sole basis for characterizing the repurchase priority. Since Section 23(d) covered property acquired by the Government after December 31, 1939, it is apparent that no distinction was intended between property purchased before and after the enactment of the statute. Likewise, plaintiff does not argue the essential nature of the repurchase priority. Considering the unrestricted power of Congress to dispose of property of the United States, the transitional purposes of the Surplus Property Act, and the limited duration of that statute, it is clear that the repurchase priority was not intended to confer any legal right in perpetuity but only to grant a privilege or gratuity that Congress may withdraw or redistribute at any time without obligating the Government to pay just compensation. Cummings v. Deutsche Bank, 1937, 300 U.S. 115, 57 S.Ct. 359, 81 L.Ed. 545; Lynch v. United States, 1934, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434. Finally, plaintiff gives no indication how he claims a vested right in such a gratuity.

Even if the representations concerning the repurchase priority were made, plaintiff does not meet defendant's contentions that would bar their admissibility in evidence or deny them any binding effect upon the Government. Parol evidence may not be introduced to add to, vary or contradict the terms of a written instrument which constitutes a consummation of the agreement of the parties to it. Ramey v. Koons, 5 Cir., 1956, 230 F.2d 802; In re Theodore A. Kochs Co., 7 Cir., 1941, 120 F.2d 603, 136 A.L.R. 1280. Plaintiff does not allege a written contract of sale in his complaint but refers only to the deed which was executed on November 28, 1945. It conveys the entire title to the property without any reservations or restrictions whatever and makes no mention of any right of the grantors to repurchase the property. In Mason v. United States, supra, the parol evidence rule prevented proof of representations varying the fee-simple title conveyed to the Government in a similar situation involving the Surplus Property Act of 1944.

The Government would not be bound by any representations made by the Coast Guard or its negotiators since they did not have authority to bind the United States to reconvey the property on a priority basis. Royal Indemnity Co. v. United States, 1941, 313 U.S. 289, 61 S.Ct. 995, 999, 85 L.Ed. 1361. There was no statute in effect during 1945 which conferred upon any officer or agent of the Coast Guard authority to bind the Government in the purchase contract to resell the property to former owners at the price for which the Government purchased the property. Any statements made by the negotiators were clearly beyond the scope of their authority and not binding upon the Government. Federal Crop Insurance Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; United States v. City and County of San

Francisco, 1940, 310 U.S. 16, 60 S.Ct. 749, 84 L.Ed. 1050; Whiteside v. United States, 1876, 93 U.S. 247, 23 L.Ed. 882.

Defendant's motion to dismiss will be granted for failure to state a claim upon which relief can be granted. No action is taken upon the other matters raised. The clerk will notify counsel to draft and submit order accordingly.