**EAST COAST ELECTRONICS, INC.,**
Debtor, Appellant,

v.

**WALTER E. HELLER & COMPANY OF
FLORIDA,** Appellee.

**No. 22186.**

United States Court of Appeals
Fifth Circuit.

Jan. 24, 1966.

Robert R. Frank, Frank & Strelkow, Miami Beach, Fla., for appellant.

George J. Talianoff, Talianoff & Waller and Harris J. Buchbinder, Miami Beach, Fla., for appellee.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and FISHER, District Judge.

WISDOM, Circuit Judge:

In a Chapter XI arrangement proceeding, the Referee in Bankruptcy determined in his findings of fact that creditor Walter E. Heller & Company had overcharged the debtor, East Coast Electronics, Inc., $10,667.66 by utilizing a five-day clearance procedure for all remittances. The District Court reversed, for violation of the parole evidence rule, that portion of the Referee's order regarding the overcharge. The debtor appeals.

The debtor sells electronics equipment and supplies in Florida. The creditor is a money-lending institution and successor to General Capital Corporation. The parties in Florida entered into several factoring and financing agreements, only two of which concern this case. Each agreement stated an interest rate of $\frac{1}{30}$ per cent per day of the balance due at the close of each day. And each one contained a clearance charge condition. The clearance charge condition in the first, a receivables financing agreement, read as follows:

"All amounts received by [creditor] in payment of receivables assigned to [creditor] are to be credited to the account of [debtor] *after allowing*

*five days for collection.* The [debtor] will pay to the [creditor] a charge of one 30th of one percent per day of the balance due [creditor] at the close of each day." (Emphasis added.)

The condition in the second, a factor's lien with note, was virtually the same:

"All amounts received by the holder of this note in payment thereof are to be credited *after allowing (5) days for collection.*" (Emphasis added.)

The referee, as a finding of fact, declared that the agreements entered into by debtor were made upon a representation that the gross amount of the interest would be 12 per cent and that the creditor is not entitled to receive any additional clearance charges. The District Court, to the contrary, found the agreements "clear and unambiguous" on their face and declared that parole evidence of contemporary negotiations should not have been admitted to vary or contradict their express terms. The referee apparently did not consider the effect of the parole evidence rule. The language of his order indicates he was proceeding on a theory of fraud or negligent misrepresentation.

The debtor relies almost exclusively on the "clearly erroneous" rule, Rule 53(e) (II), F.R.Civ.P., for affirmation of the referee's finding of fact that the check clearance condition was not meant to have the effect of causing additional charges. This reliance is misplaced. Whether the contracts were ambiguous is a question of law. See L'Engle v. Scottish Union & Nat'l Fire Ins. Co., 1904, 48 Fla. 82, 37 So. 462, 67 L.R.A., 581. The district court disagreed with the referee as a matter of law that they were ambiguous. See 2 Collier, Bankruptcy ¶ 39.28 (14th ed. 1962). And as a matter of law it correctly applied the parole evidence rule to exclude evidence of contrary contemporary understandings. See Greenwald v. Food Fair Stores Corp., Fla.Dist.Ct.App. 1958, 100 So.2d 200; Prescott v. Mutual

Ben. Health & Acc. Ass'n, 1938, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525; Knabb v. Reconstruction Finance Corp., 1940, 144 Fla. 110, 197 So. 707; Schwartz v. Zaconick, Fla.1953, 68 So.2d 173.

We find no indication of fraud or mistake that would support the referee's findings. Nor does the record imply that creditor waived its rights to the clearance charge by its actions following integration of the agreements.

The lower court did not decide, and we do not have to consider, whether debtor lost its right to complain by failure for over a year to object to the monthly account statements. The parole evidence rule and lack of fraud force the same result whether or not debtor is estopped to complain at this late date. The order is affirmed.