899 So.2d 435 (2005)
MADSEN, SAPP, MENA, RODRIGUEZ & CO., P.A., Appellant,
v.
PALM BEACH POLO HOLDINGS, INC., Appellee.
No. 4D03-3800.
District Court of Appeal of Florida, Fourth District.
April 6, 2005.
John J. Shahady and Jack R. Reiter of Adorno & Yoss, P.A., Ft. Lauderdale, for appellant.
Craig T. Galle of Chapman & Galle, PLC, West Palm Beach, for appellee.
KLEIN, J.
Appellant Madsen did not prevail in this suit for payment for accounting and expert witness services rendered, and argues that the trial court erred in allowing parol evidence as to a cap on the fee. We reverse.
The written agreement provided that Madsen would provide consulting services and possibly expert testimony in regard to a lawsuit in which Palm Beach Polo was involved. The relevant part of the contract providing for payment stated:
It is the purpose of this letter to confirm our agreement under which we will provide consulting services as they may be required in connection with the above referenced matter.

*436 Scope of Engagement
We have been retained as consultants; however, we understand and accept that we may be requested to furnish judicial testimony and related services.
Billing Arrangement
Our fees for the services we perform will be charged in accordance with the various services rendered at our standard hourly rates for this type of consulting plus out-of-pocket expenses.
Madsen alleged that it had performed services, had been paid $26,000, but was owed $18,332.
The trial court, over Madsen's objection, admitted parol evidence from a witness testifying on behalf of Palm Beach Polo that Madsen had orally advised that the total fee would be between $10,000 and $12,000. The trial court admitted this testimony based on Palm Beach Polo's argument that the fee agreement was ambiguous in that it did not set forth the amount of Madsen's standard hourly rates. Although it is not clear from this record as to whether the standard hourly rates had been attached to the fee agreement, the hourly rates were not in dispute and were reflected in invoices which Polo had paid.
The parol evidence rule provides that a contemporaneous oral agreement may not be used to vary the terms of a written agreement unless there is ambiguity as to the meaning of the contract. Applebaum v. Appel, 82 So.2d 738 (Fla.1955). The rule is not merely an evidentiary one, but rather a fundamental rule of substantive law. Fla. Bar v. Frederick, 756 So.2d 79, 85 n. 2 (Fla.2000); Schwartz v. Zaconick, 68 So.2d 173, 175 (Fla.1953).
Assuming that the contract in this case was ambiguous in that it did not contain a schedule of Madsen's standard hourly rates, that ambiguity could have been cleared up by admitting evidence of the standard hourly rates. Palm Beach Polo does not argue that there was any ambiguity in the fee contract other than the amount of the hourly rates. Nor has it cited any authority for the proposition that ambiguity as to one term of an agreement would allow parol evidence to be admitted to vary a different term which is not ambiguous.
There was nothing ambiguous about the portion of the fee agreement which stated that Madsen "will provide consulting services as they may be required." Allowing oral testimony to contradict this, which would limit the total amount to be charged, where the written agreement provides none, would make a mockery of the parol evidence rule.
Because the parol evidence as to the cap on the fee was the only basis on which the trial court could not have awarded the fees sought by Madsen, we reverse for entry of a judgment in favor of Madsen.
STEVENSON and MAY, JJ., concur.