SALTER, J.
In 2005, the appellant/purchaser signed a detailed written contract to buy a residential condominium in a high-rise tower then under construction. After a pre-clos-ing walkthrough in January 2007, the purchaser asserted that the appellee/developer’s sales team had assured the purchaser that the condominium unit, once completed, would have an unobstructed view of the nearby marina. The as-built fourth floor unit’s view of the marina, however, was obstructed by the top of a covered driveway and entrance to the building. In 2008 the purchaser sued the developer for the return of the $148,500 deposit and other damages, and for rescission of the contract.
We affirm the trial court’s summary judgment and final judgment in favor , of the developer. The comprehensive written contract between the parties included specific provisions disclaiming oral representations and confining the agreements and obligations of the parties to those set forth in the contract, enumerated condominium documents, and brochures for the condominium. The contract included a specific disclaimer of any “guarantee of view, security, privacy, location, design, density or any other matter,” except as set forth in the contract or the condominium prospectus.
The purchaser’s amended complaint,, deposition transcript, and affidavit opposing the developer’s motion for summary judgment, ignore or circumvent these unambiguous provisions by invoking legal theories based on fraudulent inducement and mutual mistake. The purchaser’s claim of fraudulent inducement fails as a matter of law because the alleged oral misrepresentations “are adequately covered or expressly contradicted in a later written contract.” Hillcrest Pac. Corp. v. *310 Yamamura, 727 So.2d 1053, 1056 (Fla. 4th DCA 1999). As this Court articulated the principle years before the evolution of the economic loss rule (and several Florida real estate cycles ago):
The chief and most satisfactory index to determine the intent of the parties to an agreement as to whether they intended their written contract to be a complete and final statement of the whole transaction is whether or not the particular element of the alleged extrinsic negotiation is dealt with at all in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element, Milton v. Burton, 79 Fla. 266, 84 So. 147 [(1920)]; Bryan v. St. Andrews Bay Community Hotel Corp., 99 Fla. 132, 126 So. 142 [(1930)]; see 13 Fla. Jur., Evidence § 394 (1957); Wigmore, Evidence § 2430 (3rd ed. 1940).
Greenwald v. Food Fair Stores Corp., 100 So.2d 200, 202 (Fla. 3d DCA 1958).
In the case at hand, the identity and location of the unit, as well as a disclaimer of any representation regarding the view from any completed unit, are expressly addressed in the contract.
As to a claim by the purchaser based on “mutual mistake,” the purchaser’s amended complaint alleges:
12. Upon conducting the walk through of Unit 407, Plaintiff observed that, rather than as represented by Defendant, the view from Unit 407 to the marina was completely obstructed by the awning/roof covering the valet parking entrance to the building. Upon making said observation Plaintiff immediately questioned Defendant’s representatives as to wether [sic] or not a mistake had been made as he had been assured that Unit 407 would not have an obstructed view.
13. Defendant’s representative indicated that no mistake had been made; that Unit 407 had always been designed and contemplated as having an obstructed view and that Unit 507 was the first available unit in the building which would have an unobstructed view of the marina.
The purchaser’s attempt to “mend its hold” [1] here fails in view of the purchaser’s own unambiguous allegation (obviously calculated to support a fraudulent inducement claim rather than a claim based on mutual mistake) that the developer denied any such mistake. The mistake, if one occurred, was unilateral.
Affirmed.

. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979).